517-015-8, people v. John Harris May I please report? Counsel? My name is Christina O'Connor. I'm an assistant appellate defender at the Office of the State Appellate Defender, and I represent Mr. John Harris in this matter. The question before the Court is very straightforward. It is whether a trial court can reconsider its decision after vacating a guilty plea. This Court should hold that once a trial court vacated Mr. Harris's guilty plea, all of his constitutional rights reattached, and neither the trial court nor the State could force him back into that plea. Now here, Mr. Harris filed a timely pro se motion to withdraw, and he listed allegations of ineffective assistance of counsel. The Court conducted a crankle hearing, and after hearing Mr. Harris's claims and reviewing its own recollection of the record, granted Mr. Harris's motion to withdraw his plea. Instead of taking the case to trial, the State then filed a timely motion to reconsider. The Court appointed counsel to Mr. Harris, and had arguments on that motion to reconsider. Approximately five months later, the Court held that the ruling on the motion to withdraw was premature, set it aside, and reinstated Mr. Harris's conviction and sentence. Now, a guilty plea is not just an admission of guilt. It is a final judgment, and it waives several fundamental constitutional rights, including the right to have a trial, the right to confront witnesses against you, and the right to have the State prove its case beyond a reasonable doubt. These rights are so important that when an individual decides to plead guilty, the Illinois Supreme Court requires trial courts to admonish that person in regards to Illinois Supreme Court Rule 402. Now, only Mr. Harris could decide to plead guilty in this case. This right cannot be infringed by counsel, by the State, or by the trial court. And here, the trial court initially found that Mr. Harris's plea was either not knowing, voluntary, or willingly entered into. Now, both – after the trial court withdrew Mr. Harris's plea, Mr. Harris and the State were procedurally in the same place before the plea was entered into. Mr. Harris was presumed innocent and charged with one count of first-degree murder, and the State was free to continue its case against Mr. Harris absent any negotiations from the plea agreement. Now, Illinois – Illinois case law supports the notion that once a guilty plea is withdrawn, all constitutional rights reattach and that prior plea cannot be used against him. Additionally – Why isn't the court's order interlocutory in nature as stated in the Equal Persons Act? Well, Your Honor, the decision is interlocutory in nature. However, we're arguing that because of the constitutional rights affected in this case, that once the trial court made the decision to withdraw his guilty plea, he was presumed innocent and the court could not take away his constitutional rights once that happened. I understand, but the defendant's position is that Bryant was decided wrong, correct? Yes, Your Honor. So, in this particular case before us, the court held a full hearing on the reconsideration of her decision, correct? Yes, Your Honor. So, what constitutionally prevents her from doing that? I mean, in the civil law, we have motions, and up until the time of final judgment, anybody can move to reconsider them, and I don't even know if a full hearing is required, but why can't the judge do that? What in the constitutional rights prevents that is, I guess, what I'm asking. Well, because of the nature of a guilty plea and how all of those fundamental constitutional rights, they're so important to our criminal justice system, and only the defendant can plead guilty. So, once the trial court's initial decision, the court found that Mr. Harris initially did not enter the plea knowingly, willingly, or voluntarily. So, once the court just granted that withdrawal, Mr. Harris was presumed innocent, and just because of the nature of how our criminal trials proceed, our position is that just how those fundamental rights are, the court cannot reconsider this decision. And I know in People v. Mink, our Supreme Court held that a court in a criminal case has the inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority, but we know that that power is not unfettered, and there are certain situations where that power is limited, and this is highlighted in the United States Supreme Court case, Evans v. Michigan, where even if a trial court makes an erroneous decision to grant an acquittal, the trial court cannot reconsider that decision. So, we're arguing that because of the fundamental constitutional rights in the situation, Mr. Harris did not get the chance to confront witnesses against him or have a trial, that once he was presumed innocent, he should be allowed to persist in that plea of innocence. And the basis for his motion to withdraw his plea was ultimately heard on the merits and denied, and you're not appealing that. No, Your Honor, because we're focusing on that once the trial court granted Mr. Harris's motion to withdraw his plea, that he should have been able to persist in his innocence. So, and as we've recognized, this case is not common. There's only one case in Illinois that deals with this issue, and that is- Explain to us what's wrong with the ruling in Bryant. So, our argument is that the reliance on people versus me, because that is what the Bryant primarily relied on, is misplaced because of the fundamental constitutional issues in this case. And how we know that that power to reconsider decisions is not completely unfettered by the trial court. So, this is a very limited situation. Typically, in cases where the State, where the defendant files a motion to withdraw a guilty plea, and the court grants that plea, grants that motion, the State usually either takes the case to trial or offers a new plea. So, we're arguing that this is a very limited circumstance where once the trial court grants the motion to withdraw, then Mr. Harris should have been able to continue with his presumption of innocence and have a trial. So, additionally, the State makes the argument that the court didn't have the authority to grant the timely filed motion to withdraw, and that is incorrect. Clearly, the trial court did have the authority to grant the motion because it was timely filed. So, only Mr. Harris could decide to plead guilty, and once his guilty plea was withdrawn, he was presumed innocent. Here, the trial court, on the State's motion, forced Mr. Harris back into a plea of guilty and violated his constitutional rights to have a trial, confront witnesses, and have the State prove his case beyond a reasonable doubt. All Mr. Harris is asking this court to do is uphold the longstanding notion that once a guilty plea is withdrawn, he is allowed to take the case to trial at a new plea. Does the court have any further questions? No, thank you. Okay. Thank you very much for your argument. Okay. This man will be taking the advisement. Hold on. Oh, I'm sorry. I was way ahead of myself. Okay, I don't want to give you a hard chance. You don't want me to argue, do you? I apologize. Good morning, Your Honors. Good morning. My name is Valerie Osment, and I represent the people of the State of Illinois in this case. So the sole issue on appeal is whether the trial court properly reinstated the defendant's previously vacated guilty plea after the court found that it was premature for it to grant the defendant's motion in the first place, which is exactly what Bryant said. And that is the only case in this State so far that deals with this exact issue. I'm not sure that Bryant made the exact same argument, though, the defense counsel was making. Did it? I mean, it relied on Mink. It relied on Mink for its jurisdictional argument, and then it subsequently rejected that jurisdictional argument. But the cases that Mink, the defendant, I believe, the cases the defendant and Mink did rely on or in Bryant were Estelle v. Williams, which is a United States Supreme Court case, where the issue is whether the defendant was denied his presumption of innocence when he was forced to appear before the jury in prison attire, which is very different from the facts of this case. The defendant also in Bryant relied on McMillan v. Pennsylvania, another United States Supreme Court case, where the Supreme Court recognized the unremarkable proposition that the due process clause precludes states from discarding the presumption of innocence, also very different. And the other case that the defendant relied on in Bryant was People v. King, where the Illinois Supreme Court reasoned that after a plea of guilty, a prisoner stands before the court as a convicted criminal, and the presumptions of innocence which the law indulges on a not guilty plea no longer exist, which is exactly what the law is and what this Court should follow. But my question was in Bryant, the only constitutional claim was the presumption of innocence, which is what the defendant is arguing, right? Yes. In other words, the presumption of innocence reattached and you can't reconsider it. That's what Bryant is saying. Yes. Correct? The defendant, Bryant, pled guilty to first-degree murder, filed a pro se petition for post-conviction relief. The trial court dismissed the petition after the second stage hearing, and the defendant appealed. And the appellate court remanded. But on remand, the trial court granted the defendant's motion to withdraw his plea and placed the case back on trial call, and then the state filed a motion to reconsider, and the court granted it, and then the defendant appealed. Or the court said that the—the appellate court said that the trial court had the authority to reconsider its own decisions. But under the defendant's theory of the case, if this court were to rule that way, then no court is ever allowed to reconsider its earlier decision to vacate a guilty plea, and that is not the law in this state. In fact, because Bryant was the only case and still is the only case on this specific topic, then the trial court was bound by that ruling anyway, because until this court issues a decision one way or the other, the trial court is bound by that decision. What happened was, and the reason why the court determined that its decision to grant it was premature, was because the defendant wrote his motion alleging ineffective assistance of counsel, which obviously triggers an initial Kringle inquiry. And as the state correctly pointed out in its motion to reconsider, that it wasn't fair, so to say, for the court to grant the defendant's motion, because at an initial Kringle hearing, the state cannot participate in the proceedings. So the court jumped the gun a little bit in granting the motion without the state being able to present any evidence, calling any witnesses, having the attorneys testify under oath, nothing, and the court was like, oh, you're right, let me grant your motion and let's start back to where we started from. And then the court subsequently did. They went through the whole proceedings. None of that's on appeal, but the court eventually denied the defendant's motion. So essentially, because there's only one case on par with this specific issue, we have nothing to really rely on other than Mink, which says that the trial court has inherent authority, whether or not there's a statute or some other rule in effect to correct its own rulings. So unless the court has any questions. Thank you very much. Does the state ask this court to affirm the judgment of the trial? Okay. Counsel? Ms. O'Connor? Just briefly, Your Honor. Let me ask you a question. The state is right in that the only decision in the state of Illinois I think that's right on point is People v. Bryant. And I think Justice Moore asked you this question, but I'm not sure I understood your answer. What is the defendant's argument as to why we should change the decision in Bryant? I mean, it seems that Bryant right on point dealt with this whole presumption of innocence issue. As I read the paragraph in Bryant, what is your rationale for urging us to change the law here? Well, Your Honor, as the Bryant court noted, it was a case of first impression. I'm sorry. I can't hear you. Sorry. As the Bryant court noted, it was a case of first impression, and there was no specific case law that dealt primarily on this issue. So it pulled from different cases that didn't really deal with this issue at hand. And our argument is that while we do want trial courts to correct their errors on appeal, our errors, you know, we want in judicial economy limit issues on appeal, this situation, every single other case in Illinois and rules say that once a trial court grants a motion to withdraw a guilty plea, the presumption of innocence comes back. And the only decision which correctly is on point says that, okay, well, the trial court can reconsider that decision. But, I mean, there's Illinois Supreme Court rules such as Illinois Supreme Court Rule 402F, which states that if a plea is withdrawn, either the plea or judgment is admissible in any criminal proceeding. Illinois Supreme Court Rule 604D says that trial courts grant the motion. When a trial court grants a motion to withdraw, the defendant is allowed to enter into a new plea. But the 402 rule, for example, if the judge changed her mind and had a full-blown hearing on withdrawal, that rule prevents anybody from using the fact that he originally pled guilty from being used in evidence. So it's kind of a protective device for exactly this kind of situation, isn't it? Yes, Your Honor. And that's our point is that, like, nothing really. So besides the later findings, the initial finding, the trial court, within its discretion, after hearing Mr. Harris's claims and its own recollection of what occurred, decided that Mr. Harris's plea was not knowing, voluntary, or willingly entered into. Trial court did not have to make that decision. It could have waited, even if the decision was premature. Once the court made this decision, Mr. Harris was presumed innocent. And case law is very clear that only Mr. Harris can decide to plead guilty. And that right cannot be infringed by a trial court, counsel, or by the State. And, therefore, that's why the denial of the constitutional rights in this case are so egregious. And that's why we're asking this Court to withhold that once a trial court grants a motion to withdraw a guilty plea, that is a limited situation where the trial court cannot reconsider that decision and Mr. Harris should have been able to proceed and it's a presumption of innocence. And here the State was not disadvantaged by this because there was a plea deal and once that plea deal was vacated, the State could continue and proceed its case against Mr. Harris. So we just, because of the fundamental constitutional rights, we argue that the trial court should not be able to reconsider its decision in this type of situation. So if the Court has any further questions, Mr. Harris respectfully asks this Court to remand his case and allow him to withdraw his plea and either recoup or have a trial. Thank you. Okay, thank you. I'll just ask for my space now, really. This matter will be taken under advisement and we will issue disposition before the Court.